UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Franklin B. Abernathy, Pro Se: Plaintiff.<br><br>v.<br><br>Anthony J. Brooks, Stephen W. Lawrie, Ryan A. Litalien, And Nathan D. Zapata, (Collectively Defendants). | Civil Action Complaint No. ______<br><br>Jury Trial Demanded |

"VERIFIED"

I. Civil Action Complaint

This is a Civil Action Complaint filed by Franklin B. Abernathy (hereinafter "Plaintiff" or "Abernathy") on behalf of hisself, Against the following individuals Anthony J. Brooks, Stephen W. Lawrie, Ryan A. Litalien, And Nathan D. Zapata (hereinafter Collectively "Defendants")

This complaint is brought under 42 U.S.C. § 1983; Fourth And Eighth Amendment of the United States Constitution, 42 U.S.C. §§ 12101, et seq., American with Disability Act., Title II, sect. 504 of the Rehabilitation Act., 28 U.S.C. §§ 794, et seq.,

Cont.

34 U.S.C. §§ 30301, et seq., Prison Rape Elimination Act., Unnecessary Excessive Force, Intentional Infliction of Physical Injuries, Intentional Infliction of Mental And Emotional Anguish, And Deliberate Indifference, Against the Above mention Defendants Collectively.

## Introduction

1. Plaintiff Franklin B. Abernathy, is a 60 year old United States Citizen; Presently incarcerated in a Massachusetts Correctional Instution, Department Of Correction - Shirley Medium, Shirley, MA.

2. Abernathy has medical conditions i.e., Urinal Track Disorder (micturition Disorder); Excremenal Discharge Disorder; Osteoarthritis, Degenative Bone Disease, Hypertension. Not limited to Mental Health issues.

3. Abernathy need use of a bathroom/toilet more frequent then usual, do to the number of Prescribed medications.

4. Defendant Anthony J. Brooks. did descriminate And denied Abernathy Access to a bathroom/toilet. After Abernathy requested during a institutional Freeze for Construction Trucks by locking the bathroom door during MAT Program hours.

Cont.

5. Defendant Brooks Action force Plaintiff Abernathy to urinate in the hallway in front of (30) plus inmates and female staff from Spectrum Health Systems. a federally funded Program.

6. Defendant Brooks Action Also Prompt several Correctional Officers to respond to Brooks location.

7. Defendant Stephen W. Lawrie (herein After "Defendant" or "Lawrie") responded to Brooks distress call and ordered Abernathy to be Put in restraints--- Abernathy responded "I have my dick in my hands! Wait a minute and let me finish." Defendant Lawrie reach around Abernathy and attemped to grab Abernathy's Penis (which was exposed) And Abernathy immediately Knock Lawrie's hand Away from Abernathy's Penis.

8. Defendant Lawrie without warning sprayed A chemical Agent in Abernathy's face And eyes.

9. Defendant Ryan A. Litalien And Defendant Nathan D. Zapata Attack Abernathy by using unnecessary excessive force by kicking Abernathy's legs from Under him And grabbing Abernathy by the Neck slamming[him] to the ground And kicking Abernathy in the back.

cont.

## II. Jurisdiction

10. This Court has subject-matter Jurisdiction over this case Pursuant to its Jurisdiction Under 28 U.S.C. §§ 1331 And 1343 (2)(3);

This Court has Personal Jurisdiction over Defendants because they Acted Under the Color of State Law And Are employees of an Agency of the Commonwealth of Massachusetts; And

11 This Court has further Personal Jurisdiction over Plaintiffs Pursuant to 42 U.S.C. § 1983 because Plaintiff seeks declaratory; Monetary; And Punitive relief Pursuant to 28 U.S.C. §§ 2284 And 2283, And Rule 65 of the Federal Rules of Civil Procedures.

## III Venue

12. This Court is the Proper Venue Pursuant to 28 U.S.C. § 1391 (b)(2).

## VI. Parties

13. Plaintiff Franklin B. Abernathy is A citizen of the United State of America And resident of the Commonwealth of Massachusetts. He is Currently incarcerated At the Massachusetts Correctional Institute - Shirley Medium.

Cont.

Mr. Abernathy is serving A 20 year sentence. for Burglary and is exspected to be Discharge while on Parole in 2025.

14. Defendant Anthony J. Brooks is A Correctional Officer for the Commonwealth of Massachusetts Department of Correction at MCI-Shirley-Medium. He is being sued in both his individual and Personal Capacity. Mr. Brooks has A Place of Employment At MCI-Shirley-Medium, P.O. Box 1218 * 104 Harvard Road, Shirley, MA. 01464.

15. Defendant Stephen W. Lawrie is A Correctional Officer for the Commonwealth of Massachusetts Department of Correction at MCI-Shirley-Medium. He is being sued in both his individual and Personal capacity. Mr. Lawrie has A Place of Employment the same As Defendant Brooks.

16. Defendant Ryan A. Litalien is A Correctional Officer for the Commonwealth of Massachusetts Department of Correction at MCI-Shirley-Medium. He is being sued in both individual and Personal Capacity. Mr. Litalien has A Place of employment the same As Defendant Brooks.

Cont.

17. Defendant Nathan D. Zapata is a Correctional Officer for the Commonwealth of Massachusetts Department of Correction at MCI-Shirley Medium. He is being sued in both his individual and Personal Capacity. Mr. Zapata has a place of employment the same as Defendant Brooks.

## V. Exhaustion of Remedies

18. The Massachusetts Department of Correction has a Inmate Grievance mechanism in place to redress the the inmates Complaint, Pursuant to 103 Code of Massachusetts Regulations 491. et seq., which is in accordence with 42 U.S.C. §§ 1997e, et. seq.

19. Abernathy commence the grievance process on July 9, 2024 by filing a informal Complaint Form. (Exhibit "A").

20. On July 11, 2024, Abernathy recieved a reply to file a formal Grievance

Cont.

21. Abernathy filed a formal grievance on July 11, 2024. Grievance #123076. that was received by the Grievance Coordinator on July 17, 2024. (See Exhibit "B").

22. Abernathy filed a Grievance Appeal to the Superintendent's Office, After receiving "No response", On July 27, 2024. (See Exhibit "C").

Abernathy received a response from the Grievance Coodinator informing me that the grievance was referred to the Professional Standard Unit on August 2, 2024. (Exhibit "D").

23. Abernathy also recieved on August 2, 2024, the return of his Grievance Appeal from the Superintendent's Office, requesting the Grievance Coodinator's decision.

24. On August 2, 2024, Abernathy resubmitted the Grievance Appeal with a Supplement Grievance Appeal, with the formal Grievance decision by the Institutional Grievance Coordinator.

Cont.

25. Abernathy recieved the Superintendent's decision "Partial Approval" stating "Incarcerated individuals will have Access to bathroom within the Programs and Vocational building. You request for monetary compensated $1,000.000. (1 Million Dollars is denied and the remainder of your grievance has been sent for investigation by the Professional Standard Unit, intake # 21392 (Exhibit "E").

## IV. Presentment/Demand Letter Resolution

26. On August 16, 2024. Abernathy forward A Presentment/Demand letter to Legal Division for the DOC, Attention to General Counsel Proposing A Possible Settlement Resolution within (20) business days. No response was recieved

## IV. Facts

27. Abernathy is a 60 year old disabled United State of America Citizen who is Presently incarcerated in the state of Massachusetts Serving a 10 year state sentence for burglary.

Cont.

28. Abernathy has been diagnosed with mental health issues i.e., Depression, P.T.S.D, Anxiety, Sleep Deprivation, and Anti-social Disorder; And Opioid Use Disorder

29. Abernathy has been Also diagnosed with severe Medical Conditions i.e. High Blood Pressure (Hypertension), Degenative Bone Disease, OsteoArthritis, Excremanal Discharge Disorder, And Urinal Track Disorder- (Micturition Disorder)

30. Abernathy is Prescribed the following Medications i.e., Hydrochlorothiazide, Flomax, Senna, Colis. these above mentioned medication assist Abernathy to urinate and defecate more frequently, including but not limited to Mental Health Medications i.e., Wellbutrin, Trazodone, And Clonodine.

31. Abernathy is No longer Prescribed Saboxone for Opioid use Disorder through the Spectrum Health System, MAT Program.

32. Abernathy has Additional medication such as Eye Drops And Various Pain management medications for Degenerative Bone Disease And OsteoArthritis in his Spine (Upper Neck And Lower Back), that He do Not know the Correct NAME for such Medication.

Cont.

33. Defendants Lawrie, Brooks, Zapata, And Litalien Are Correctional Officers for the Commonwealth of Massachusetts. These Named Defendants herein Acted under the Color of State Law.

34. Brooks was Assigned to the Vocational Educational Building (Voc. Ed. Bldg) Post, And was issued keys for All the doors, including keys to to the Staff bathroom And Inmate bathroom. The Only other Inmate bathroom is located in the Sewing Shop that is Not Accessible to Inmates in general Population.

35. Brooks on his own Accord; Lock the Inmate Bathroom Prior to the Spectrum Health System MAT Program being Called for Inmates With Opioid Use Disorder.

36. On information And belief, Brooks would intentional Lock the inmate bathroom only when inmates that are on Opioid Use Disorder Medication Are Called to the Voc. Ed. Bldg. to recieve their Prescribed Medications when [he] is Assigned to this Area.

Cont.

37. Moreover, On information And belief All Correctional officers Assigned to the Voc. Ed. Bldg. Post would discriminate Against inmates that reported to the "MAT" Program Area to recieve Opioid Use Disorder Medication from the federal funded Program, by intentional Locking the restroom/Bathroom door. And would only open the door At 9:00 Am for inmates in the Correctional Recovery Academy, Chruch, or other inmate Program.

38. Abernathy A disable American Citizen, on July 8, 2024, was called to the "MAT" Program with other inmates from Various housing Units at MCI-Shirley Medium.

39. Abernathy At Approximately 8:15 Am entered the Voc. Ed. Bldg., And Proceeded to the "MAT" Program Area to recieve his Opioid Use Disorder Medication.

40. At Approximately 8:20 Am. Abernathy Exit the "MAT" Program Area talk to inmate Jonathan Santiage, W-117493 for A brief minute And Proceeded to the inmate bathroom.

41. Abernathy Attemped to Push the bathroom door open, but found it was lock.

42. As Abernathy was walking back up the hall to the Voc. Ed. Bldg., ~~Front~~ desk, Brook yelled that it was A "Movement Freeze", "Because Construction trucks was entering the Prison Compound."

Cont.

43. Abernathy and other inmates that was attending the "MAT" Program was not allowed to leave the building or return to their assigned housing unit.

44. Abernathy approach the front desk in which Brooks was sitting behind.

45. Abernathy ask Brooks could [he] unlock the Bathroom door because [Abernathy] had to "piss" very badly because Abernathy was in pain from holding [his] urine for so long early in the morning.

46. Brooks informed Abernathy that "the bathroom will not be open until 9:00 Am".

47. Abernathy informed Brooks that [Abernathy] take medication that make [him] urinate frequently.

48. Brooks said "I don't care!"

49. Abernathy who was in severe pain, told Brooks "that if he don't open the bathroom door, [Abernathy] was going to piss down the hall near the bathroom door. Brooks did not respond to Abernathy's request.

Cont

50. Abernathy Proceeded down the hall in the Voc. Ed. Bldg., Aways from inmates((30) Plus inmates) And female Staff from the Correctional Recovery Academy, operated by Spectrum health System.

51. Abernathy feeling embarrassed Humiliated, And Disrespected for having to urinate in front of All these People. Pulled down his Pants 3/4 of the way down from his waiste band and started urinating in the crack of the door-way to the inmate bathroom. to relieve the Pain on his bladder.

52. As Abernathy was force to relieve [himself] in the hallway. Brooks And Lawrie Approach Abernathy, who was still urinating in the doorway with his back to every one that was looking on.

53. Abernathy who is Partial hard of hearing heard Some on yell "Sue", Abernathy look over his left shoulder And saw Brooks And Lawrie stopping in back of him.

54. Lawrie ordered Abernathy to cuff up and be Place in restraints. Abernathy who was still urinating, told Lawrie "I have my dick in my hand... wait until I finish"

Cont.

55. As Abernathy turn back to the bathroom door to finish up urinating ... without any warning Lawrie reach around Abernathy's right-side and touch Abernathy's Penis, which Abernathy immediately knock away with his right hand. Causing Abernathy to urinate on [h]imself.

56. As Abernathy was turning Around Lawrie without any warning, sprayed Abernathy with A chemical Agent in the face And Eyes.

57. As Abernathy was covering his face with both hands from the burning sensation of the chemical Agent Litalien grab the back of Abernathy's Neck, while ZAPATA swept Abernathy's Legs from underneat [him].

58. Litatien forcefully slam Abernathy's face into ground. Using excessive force.

59 On information And belief. Lawrie, ZAPATA, Litatien, or Brooks did kick Abernathy in the back on his back-brace. Causing Abernathy to go in muscel-spasms, to cause further injuries And harm.

60 Abernathy was issued d-report # 515283 by Brooks for Urinating in the Voc. Ed. Bldg. hallway Near the MAT Program Area. which was fabricated to Justify the excessive force Used. (See Exhibit "E")

Cont.

61. Abernathy was Place in the BAU (Behaviorial Accessment Unit) for Approximately (8) days under Punitive Segregation.

62. Abernathy was issued D-Report # 515283. And Allowed to View and listen to Body Worn Camera's of Brooks (BWC# 31 S/N X60AC913Q); Zapata (BWC# 109 S/N X60AC242T); Litalien (BWC# 106 S/N X60AC152P); And Lawrie (BWC# X60AC447V). (See Exhibit " G ")

63. Lawrie's Body Worn Camera Audio Caught Abernathy's Vioce warning Lawrie that "Abernathy" "had his dick in this hand; and to wait unit [H]e was finish."

64. No where on Lawrie's Body Warn Camera Audio recording, that Lawrie gave Abernathy any type of warning that he was going to reach around Abernathy body and touch his Penis or that [he] was going to Administer A Chemical Agent.

65. Abernathy is hard of hearing and require hearing Aid devices, which was not available to Abernathy, which is why Abernathy only heard One warning from Lawrie. which Abernathy responded too.

cont.

66. As a direct result, Abernathy sustained severe Physical injuries, including but not limited to vision Loss, Skin Burning, skin irritation, bruising, swellowingness to face; shortness of breath, Neasua, mental impairment, P.T.S.D., Anxiety, And Depression, FEAR, lost of sleep, Mental And Emotional Anguish And Monetary damages.

## Count 1
## 42 U.S.C. § 1983
## Civil Rights Violation Under Color of Law
## Against Brooks, Lawrie, Litalie, And Zapata

67. Plaintiff incorporate and reallege, as though fully set forth herein, each and every allegation set forth in the proceeding Paragraphs of this Complaint.

68. Defendants Brooks, Lawrie Litalie And Zapata did violate the Plaintiff's civil rights while acting under color of Law.

Cont.

69. The United States Civil Rights Act guarantee incarcerated Persons the right to humane Prison condition.

70 Defendants Brooks, Lawrie, Litalie, And Zapata was interfered and/or Attempted to interferes with the enjoyment by Plaintiff Abernathy of his constitutional rights to Access to A bathroom/Toilet At All times by way of Physical force, threats, intimidation, or coercion.

71. As A direct result of defendants unlawful Conduct, Plaintiff Abernathy have suffered and continue to suffer deprivation of his Constitutional Rights to Access to use A bathroom/Toilet.

72. Plaintiff Abernathy, therefore seek entry of an order declaring that the Defendants Violated Plaintiff's rights under the Civil Rights Act.

73. As A direct result of Defendants unlawful conduct, Plaintiff have endured foreseeable Pain and suffering, mental and emotional distress, humiliation, embarrassment, and monetary damages.

Cont.

# Count 3

## Violation of the Eighth Amendment of the United States Constitution Deprivation of Rights to be Free From Cruel And Unusual Punishment Against Brooks, Lawrie, Litalien, And Zapata

78. Plaintiff incorporate and reallege, as though fully set forth herein, each and every allegation set forth in the proceeding paragraphs of this complaint.

79. Defendant Brooks did violate the Plaintiff's rights to be free from cruel and unusual Punishment When Defendant denied Plaintiff access to a bathroom/toilet in violation of the Eighth Amendment of the United States Constitution

80. Defendant Lawrie did violate the Plaintiff's rights to be free from cruel and unusual Punishment When Defendant intentionally touch Plaintiff's "Penis" And unnecessary excessive force by way of chemical Agent in violation of the Eighth Amendment of the United States Constition; And Physical force.

Cont.

81. Defendants Litalien And ZAPATA did Violate the Plaintiff's rights to be free from Cruel and unusual Punishment when Defendants attack and use Excessive force by Assaulting Plaintiff in violation of the Eighth Amendment of the United States Constitution.

82. As a direct result, Defendant's Acts and/or omissions in denying Plaintiff access to a bathroom/toilet; inappropriate touching; Unnecessary Excessive force with chemical Agent and physical force, Plaintiff have endured foreseeable Pain and Suffering, mental and emotional distress, humiliation, embarrassment and monetary damages. Including but not limited to: Vision loss, skin Burning, skin irritation, bruising, swellowingness to face, etc.

## Count 4

## Violation of Title II of the American With Disability Act; 42 U.S.C., §§12101, et seq.; Discrimination Against Brooks For Depriving Federally Funded Program Participants Access To Toilet/Bathroom

83. Plaintiff incorporate and reallege; As though fully set forth herein, each and every allegation set forth in the proceeding Paragraphs of this complaint.

cont.

84. Defendant Brooks did violate Plaintiff's rights under the American with Disability Act. by way of discrimination Against Plaintiff who is A disabled Person who suffer from Opioid Use Disorder, Osteoarthritis, Degenerative Bone Disease and recieving "M.A.T." Medication-Assistance Treatment program, a federally funded treatment program operated in A Public facility.

85. Defendant Brooks has interfered and/or Attempted to interfer with the Plaintiff's enjoyment to recieve treatment from A federally funded Program without being discriminated Against because of his disability

86. As A direct result, Defendant Brooks' unlawful denial of A bathroom/Toilet during MAT Program treatment hours. Plaintiff have endured foreseeable Pain And suffering, mental And emotional distress, humiliation, embarrassment, And monetary damages.

Cont.

## COUNT 5
## 34 U.S.C. §§ 30301 Et Seq
## Prison Rape Elimination Act.
## Against Laurie Sexual Assault, Inappropriate Touching And Physical Force

87. Plaintiff incorporate and reallege, as though fully set forth herein, each and every Allegation set forth in the proceeding paragraphs of this complaint

88. Defendant Laurie did violate the Plaintiff's right to be free from inappropriate acts and/or omissions, when Defendant intentionally touch Plaintiff's "Penis" while Plaintiff was using the bathroom in violation of the Prison Rape Elimination Act.

89. Defendant Laurie know and/or should have known by reaching around Plaintiff and touching Plaintiff's "Penis" without his consent, permission and/or knowledge would constitute an Act and/or omissions of Rape Against the Plaintiff who is a Prisoner inside a Massachusetts State Prison.

Cont.

90. As a direct result. Defendants Acts and/or omissions in inappropriately touching Plaintiff's "Penis" while Plaintiff was force to urinate in A doorway constitute an act of rape. Plaintiff have endured mental and emotional distress, Foreseeable Pain and suffering, mental and emotional distress, humiliation, embarrassment, and monetary damages.

COUNT 6

28 U.S.C. §§ 701, et seq.,

Section 504 OF THE Rehabilitation Act

91. Plaintiff incorporate and reallege, As though fully set forth herein; each and every Allegation set forth in the Proceeding Paragraphs of this Complaint.

92. All Defendants did violate the Plaintiff's rights to participate in rehabilitative Programs that's federally funded, by way of unreasonable search and seizure, Excessive force, Sexual Assault, Discrimination, and Abuse in violation of Section 504 Of the Rehabilitation Act.

Cont.

93. All Defendants mention above know and/or should have known by depriving Plaintiff Access to federally funded program for Rehabilitative treatment by way of unreasonable search and/or seizure, Excessive force, sexual Assault, discrimination and Abuse constitute denial of Access to Programing in a state Correctional facility.

94. As a direct result, [A]ll Defendants Acts And/or omissions in denying Plaintiff Access to restroom/toilet in a rehabilitative program, by way of unreasonable search and/or seizure, Excessive force, sexual assault, discrimination and Abuse constitute a deprivation of rights. Plaintiff have endured mental and emotional distress. Foreseeable pain and suffering, mental and emotional distress, humiliation, embarrassment, and monetary damages.

Cont.

## COUNT 7

## Deliberate Indifferce

95. Plaintiff incorporate and reallege, as though fully set forth herein, each and every allegation set forth in the proceeding paragraphs of this complaint.

96. [All] Defendants acted with deliberate indifference toward Plaintiff by way of denying him Access to a bathroom/toilet. use of Excessive force and chemical Agent. And sexual Assault.

97. All Defendants' mention Above, knew and/or should have known by denying Plaintiff Access to a bathroom/toilet. Physically Assaulting him, and sexually Assaulting him without his consent permission or knowledge constitute an Act and/or omission of being deliberate indifference to the Plaintiff's Needs to use a restroom/toilet.

98. As a direct result. Plaintiff have endured mental and emotional distress suffering, mental and emotional distress, Foreseeable Pain and embarrassment. and monetary damages.

Cont.

# COUNT 8

## Intentional Infliction Of Physical InJuries

99. Plaintiff incorporate and realleges, as though fully set forth herein, each and every allegation set forth in the proceeding Paragraphs of this Complaint.

100. Defendant Lawrie acted with wanton and sadistic intent to intentional inflict Physical Pain and injuries upon the Plaintiff who was force to urinate in a public hallway in front of staff and inmates, and intentionally inappropriately touching Plaintiff's "Penis", and intentionally use of Chemical Agent to inflict physical injuries and Pain.

101. Defendants Litalien and Zapata acted with wanton and causation intent to intentional inflict Physical Pain and injuries upon Plaintiff who was being force to urinate in a public hallway in front of staff and other inmates, by Attacking Plaintiff with Physical force.

Cont.

102. Defendant Brooks Acted with causation, wanton, and Sadistic intent to intentional inflict Physical pain and injuries upon the Plaintiff by refusing Ch.Jim Access to a bathroom/toilet; reporting a false report of a "disruptive" inmate; Brooks knew and/or should have known by reporting a false report of a "disruptive" inmate, the Plaintiff would be attack by responding Officers, who would intentional inflict Physical injuries and Did s

103. As a direct result, Plaintiff have endured Physical injuries i.e., vision loss, skin burning, skin irritation, bruising on back and face, swellowingness to face, shortness of breath, Neasua, mental impairment, P.T.S.D., Anxiety, Depression And Fear; Including but not limited to, foreseeable pain and suffering, mental and emotional distress, humiliation, embarrassment, and monetary damages.

## COUNT 9

## Intentional Infliction Of Mental And Emotional Anguish

(Cont.)

104. Plaintiff incorporate and reallege, as though fully set forth herein, each and every allegation set forth in the proceeding paragraphs of this complaint

105. [ALL] Defendants mentioned herein acted with deliberate intent to intentional inflict Mental and Emotional Anguish upon the Plaintiff. Defendants' knew and/or reasonably should have known that their acts and/or omissions would and/or did cause Plaintiff to suffer mental and/or emotional Anguish

106. As a direct result Plaintiff have endured Mental and Emotional Anguish, including but Not limited to Post Traumatic Stress Disorder (P.T.S.D.); Anxiety, Depression, Fear, lost of sleep, humiliation, embarrassment, monetary damages

Cont.

## Prayer For Relief

WHEREFORE, Plaintiff Pray that this Court:

A. Certify this Action as a Civil Rights violation;

B. Enter Judgment in favor of Plaintiff on each of the Counts stated above;

C. Declare that Brooks denial use of a bathroom/toilet during Program hours of a federally funded Program violates the constitutionally Protected Rights of the Plaintiff;

D. Declare that Lawrie inappropriate touching of Plaintiff's "Penis violated the Prison Rape Elimination Act (PREA) and the constitutionally Protected Rights of the Plaintiff to be free from unreasonable Search and Seizer;

E. Declare that Lawrie, Zapata and Litalien unnecessary Excessive Force based on the results of Brooks denial use of a bathroom/toilet interfered with and/or deprived Plaintiff rights to be free from Crual and Unusual Punishment

Cont.

[illegible]

F. Declare that Brooks discriminated against Plaintiff by locking the bathroom/toilet door during "MAT" Program hours violated the American With Disability Act.;

G. Declare that [A]ll defendants violated Title II, Sect. 504 of the Rehabilitation Act., by denying Plaintiff Access to a bathroom/toilet facility in a Rehabilitation Program Area:

H. Award reasonable and Just compensatory damages to the Plaintiff for the injuries he suffered;

I. Award Plaintiff cost and reasonable Attorneys fees, including but Not limited to Postage fees;

J. Grant such other further relief as this Court deems Just, equitable, and Proper.

K. Plaintiff request that he be Allowed to Amend the Complaint if the Court deems Appropriate.

L. Plaintiff request A Jury Trial

Plaintiff demand a trial by Jury of All claims so triable.

Cont.

Date: 12/28/2024

Respectfully Submitted
Franklin B. Abernathy
Franklin B. Abernathy
W-92704
MCI-Shirley Medium
104 Harvard Road
P.O. Box 1218
Shirley, MA 01464

## Certificate of Verification

I, Franklin B. Abernathy, Under Oath, hereby verify that the Attached Complaint was drafted, read, and prepared by me are true And Accurate to the best of my belief And Knowledge.

Signed under the Pains And Penalties of Perjury.

Date: 12/28/2024

Franklin B. Abernathy
Franklin B. Abernathy,
Plaintiff